LARREGUI, DEMANDANTE Y APELADO, *v.* BETANCOURT, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre divorcio; moción de traslado.

No. 1688.—Resuelto en noviembre 20, 1917.

DIVORCIO—TRASLADO DEL PLEITO—POBREZA—COMPARECENCIA GENERAL—SUMISIÓN.—La presentación en pleito de divorcio de una solicitud para litigar *in forma pauperis* conjuntamente con una moción de traslado y contestación a la demanda, aun cuando la solicitud se haya colocado en primer término en orden de tradición y que estuviere fechada con un día de antelación a los demás documentos, no constituye una comparecencia general y sumisión que caiga dentro de la letra, ni dentro del espíritu del artículo 77 del Código de Enjuiciamiento Civil.

ID.—ID.—DOMICILIO—CUESTIÓN DE HECHO.—Cuando en un pleito de divorcio y a los efectos de una moción de traslado la esposa demandada presenta una declaración de méritos bajo juramento en la que hace constar que su domicilio está en sitio distinto al en que fué presentada la demanda, sin que aparezca que los cónyuges tengan en realidad distintas residencias materiales; esto es, sin demostrarse que el marido demandante tenga otro domicilio que no sea el de la esposa, y especialmente cuando hay indicaciones en los autos de que el esposo reside en el mismo distrito que la esposa, tal manifestación es una de hecho y no de derecho.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Enrique Campillo.*

Abogados del apelado: *Sres. Francis & Soto* y *Carmelo Honoré.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante en este caso inició en la Corte de Distrito de Guayama un pleito de divorcio contra su esposa. La apela-

· ción interpuesta lo ha sido contra una orden denegando una moción en la que se interesaba el traslado del caso de la Corte de Distrito de Guayama para que el juicio se celebrara en la de San Juan. Los fundamentos en que descansa la orden de la corte por la que se deniega el traslado solicitado, son: (1) que puesto que la apelante presentó en primer término una moción de insolvencia para litigar como pobre ello constituye una comparecencia general y sumisión ante la Corte de Distrito de Guayama, y (2) que la apelante demostró en debida forma que fuese residente de San Juan.

El expediente ni muestra con precisión la fecha en que se radicó la moción de traslado, ni tampoco la fecha en que la solicitud de declaración de insolvencia para litigar como pobre fuese archivada. La solicitud para litigar como insolvente aparece antes de la moción de traslado, a pesar de que la fecha de la solicitud para litigar *in forma pauperis* es posterior a la de la moción de traslado. La corte dice que el primer paso dado por el apelante fué el de solicitar el permiso para litigar *in forma pauperis*. Es más que probable que tanto la solicitud, como la moción y contestación de la apelante se radicaron todas al mismo tiempo. Si estos documentos fueron presentados conjuntamente, entonces carece de importancia el que la solicitud para litigar *in forma pauperis* se haya colocado en primer término en orden de tradición en la Corte de Distrito de Guayama. Todos ellos fueron presentados con el propósito de que fuesen considerados conjuntamente. Bajo el supuesto de que la solicitud para litigar *in forma pauperis* estuviese fechada con un día de antelación, no puede decirse que constituya una comparecencia, sino más bien una petición para que se le permita a la parte peticionaria comparecer y litigar sin necesidad de satisfacer las costas que se irroguen. No es un paso en el pleito que caiga bajo las disposiciones del artículo 77 del Código de Enjuiciamiento Civil. Aun cuando se considerase como comparecencia el único paso dado por la demandada fué el de pedir el traslado del pleito, precisamente el caso exceptuado en el

citado artículo 77. Nosotros entendemos que la solicitud para litigar *in forma pauperis* no cae ni dentro de la letra, ni dentro del espíritu del citado artículo 77 de nuestro vigente Código de Enjuiciamiento Civil.

La corte inferior al denegar la moción de traslado dice que la presunción es de que la esposa vive donde reside su esposo. Sin embargo, la esposa demandada en este caso presentó una declaración jurada de méritos en la que hace constar que su residencia es la de San Juan. Esta manifestación podría ser una conclusión de derecho si en realidad de verdad ella y su esposo tuviesen distintas residencias materiales. Nos inclinamos a creer que esta manifestación de la demandada es una manifestación de hechos a menos que se hubiera en alguna forma demostrado que su marido tuviese otro domicilio que no fuese el de San Juan. Pudiérase sacar una inferencia de esta naturaleza de la presunción de que las partes en un pleito residen en el sitio en que éste se radica. En este caso, sin embargo, en el juramento de la demanda se hace constar que el marido reside accidentalmente en Guayama. Esto no lo dice ante un notario de Guayama, sino ante un notario de San Juan.

Pero aun hay algo más que aparece del récord que indica que la mujer ha hecho una manifestación de hecho cuando dijo que vive en San Juan. En su declaración jurada manifiesta que un pleito anterior fué iniciado en su contra en San Juan y aquí resuelto a su favor en septiembre 20 de 1916. El presente pleito fué incoado en enero de 1917. Es de presumirse que las partes vivían en San Juan a la época en que se dictó la sentencia y nada hay que revele que cambiaran luego de domicilio. Ambas partes prestaron su declaración jurada ante el propio notario en San Juan. El diligenciamiento de la citación con copia de la demanda a la demandada se llevó a cabo en San Juan. Los abogados residen en San Juan. La demanda se ha fechado en San Juan para Guayama; y según ya hemos visto, el demandante sólo reside accidentalmente en Guayama.

Ahora, si hubiese tenido la corte dudas respecto al domicilio de la demandada en San Juan pudo haber dado los pasos precisos para cerciorarse de la verdad. El expediente en su totalidad nos revela que ambas partes residen en San Juan. Creemos que la moción de la demandada se ajusta suficientemente a las disposiciones de la ley, aunque hubiera sido mucho mejor si ella en su declaración jurada hubiese hecho constar que su marido estaba domiciliado en San Juan.

La orden apelada debe ser revocada y ordenarse el traslado solicitado.

> *Revocada la resolución apelada y ordenado el traslado del pleito.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.